IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLORASTEEN COBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-809-A |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Kroger Texas, L.P., for summary judgment. Plaintiff, Florasteen Cobb, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

The operative pleading is plaintiff's second amended complaint.[1] In it she alleges that on or about February 6, 2015, she was in defendant's store in Mansfield, Texas, walking down the frozen food aisle, when she slipped and fell on a clear sticky substance on the floor. Plaintiff asserts claims of

---

[1] The court notes that the second amended complaint was filed without leave of court, as required by Fed. R. Civ. P. 15(a). However, defendant did not object.

negligence, conducting a negligent activity, and premises defect. Doc.[2] 12.

## II.

### Grounds of the Motion

Defendant first says that it is entitled to judgment on plaintiff's negligent activity claim, because this is solely a premises liability case. Further, defendant is entitled to judgment as to premises liability as plaintiff has no evidence that defendant had actual or constructive notice of any hazard or that defendant failed to exercise reasonable care to reduce or eliminate the alleged risk.

## III.

### Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence

---

[2]The "Doc." reference is to the number of the item on the docket in this action.

of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of

law.[3]  Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

This is a diversity case in which Texas law applies. Cleere Drilling Co. v. Dominion Exploration & Prod., Inc., 351 F.3d 642, 646 (5th Cir. 2003).  In Texas, an owner/occupier owes a duty to use reasonable care to make and keep its premises safe for business invitees. Clayton Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997). The elements of a cause of action for premises liability are: (1) existence of a condition of the premises creating an unreasonable risk of harm; (2) the owner/occupier knew or should have known of the existence of the condition; (3) the owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) such failure was a proximate cause of plaintiff's injury. CMG Homes, Inc. v. Daenen, 15 S.W.3d 97, 99

---

[3] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

(Tex. 2000); <u>Keetch v. Kroger Co.</u>, 845 S.W.2d 262, 264 (Tex. 1992). An owner/occupier is not an insurer of the safety of its guests; it is not liable to invitees for conditions of which it did not have actual or constructive knowledge. <u>Wal-Mart Stores, Inc. v. Reece</u>, 81 S.W.3d 812, 814 (Tex. 2002).

To prevail on the notice element of her claim, plaintiff must show that:(1) defendant actually created the condition; (2) defendant actually knew that the condition existed; or (3) it is more likely than not that the condition existed long enough to give defendant reasonable notice of it. <u>Reece</u>, 81 S.W.3d at 814. Further, the proximity of an employee to the location where the incident occurred merely indicates that it was possible for the owner/occupier to discover the condition, not that it reasonably should have discovered the condition. There must be temporal evidence of the amount of time that the condition had existed. <u>Id.</u> at 816-17.

Here, as defendant points out, plaintiff cannot, and has not, produced any evidence to show that defendant knew or should have known of an unreasonably dangerous condition. Both plaintiff and her husband testified that neither saw anything on the floor prior to the time that plaintiff fell. Neither saw other customers or store employees in the area. Neither had any knowledge of how long the substance had been on the floor.

The law is clear that because plaintiff was injured by a condition of the premises, rather than an activity, her claim sounds only in premises liability. <u>Timberwalk Apartments, Partners, Inc. v. Cain</u>, 972 S.W.2d 749, 753 (Tex. 1998); <u>Keetch</u>, 845 S.W.2d at 264. Plaintiff has not come forward with evidence of any activity on defendant's part in any event.

V.

<u>Order</u>

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED August 12, 2016.

_____
JOHN MCBRYDE
United States District Judge