ORIGINAL
CTJ

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2016 SEP -9  PM 2: 41

CLERK OF COURT

WC

| | | |
|---|---|---|
| FLORASTEEN COBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-809-A |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

## APPENDIX IN SUPPORT OF ATTORNEY JEREMY W. MCKEY'S BRIEF AND RESPONSE TO ORDER DATED AUGUST 30, 2016

Tab 1: Declaration of Attorney Jeremy W. McKey (pages 1-7)

Tab 2: Declaration of Attorney Joe M. Williams (pages 8-11)

Tab 3: Declaration of Travis Allan Dirr (pages 12-20)

Tab 4: PACER Printout dated 9/7/16 (page 21)

Respectfully submitted,

CAMPBELL & ASSOCIATES LAW FIRM, P.C.

BRUCE A. CAMPBELL
State Bar No. 03694500
KELLY B. GIBBONS
State Bar No. 24055548
4201 Spring Valley Rd., Suite 1250
Dallas, Texas 75244
Telephone: (972) 277-8585
Facsimile: (972) 277-8586
Email: bcampbell@cllegal.com
Email: kgibbons@cllegal.com

## ATTORNEYS FOR JEREMY W. MCKEY

**Appendix in Support of McKey's Brief and Response**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in this cause pursuant to and in accordance with the Federal Rules of Civil Procedure on September 9, 2016.

Kelly B. Gibbons

## DECLARATION OF ATTORNEY JEREMY W. MCKEY
## PURSUANT TO 28 USC § 1746

My name is Jeremy W. McKey. I am over the age of eighteen, of sound mind and otherwise competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct. If called to testify as a witness, I am competent to testify as to these facts.

1.      It is undisputed that I missed the deadline to timely file Plaintiff's response to Defendant's traditional and no-evidence motions for summary judgment. I have put my insurance carrier on notice. I regret having missed the deadline.

2.      Plaintiff previously filed a Motion for Reconsideration on August 24, 2016 (First Motion for Reconsideration"), which was subsequently unfiled by order of the Court. The relevant portion of Plaintiff's First Motion for Reconsideration is as follows:

> On July 20, 2016, the Defendant filed its Motion for Summary Judgment. The Court on August 12, 2016 granted the Motion for Summary Judgment. The Court's calendar showed the motion for summary judgment consideration as "Due/Set" for "August 24, 2016." *See Exhibit "1."* Plaintiff's attorney retained to file the response relied upon this (sic) calendar as the deadline to file this response. (emphasis in original)

3.      In the Court's August 30, 2016 Order, the Court states that the paragraph of Plaintiff's Motion for Reconsideration filed August 29, 2016 ("Second Motion for Reconsideration") that is of concern to the Court is as follows:

> On July 20, 2016, the Defendant filed its Motion for Summary Judgment. The Court's calendar showed the motion for summary judgment consideration as "Due/Set" for "August 24, 2016." *See Exhibit "1."* Plaintiff's attorney, Jeremy McKey, retained and consulted attorney Joe Williams to file the response and relied upon this calendar as the deadline to file the response. (emphasis in original)

Therefore, based on the Court's August 30, 2016 Order, the Court appears to be concerned with my representation in one sentence of Plaintiff's First Motion for Reconsideration that *"Plaintiff's attorney retained to file the response relied upon this (sic) calendar as the deadline to file this response"* when compared to my representation in one sentence of Plaintiff's Second Motion for Consideration that *"Plaintiff's attorney, Jeremy McKey, retained and consulted attorney Joe Williams to file the response and relied upon this calendar as the deadline to file the response[1]."* (emphasis added)

---

[1] Emphasis added.

4.     To clarify the ambiguities pointed out by the Court in its August 30, 2016 Order as to whether I relied on Mr. Williams as to the response due date or *vice versa*, I submit to the Court that I relied on Mr. Williams's representations. Those specific representations were that Mr. Williams saw the "Due/Set" date on the PACER website and that the response deadline he saw was August 24, 2016. I further submit that I never intended to, nor do I believe that I did, represent in either Plaintiff's First or Second Motion for Reconsideration that I personally accessed the PACER system prior to August 12, 2016 or that I relied on information obtained directly by me as to the response deadline.

5.     To provide the Court with some additional facts, on or about July 20 or July 21, 2016, I received notice that Defendant had filed traditional and no-evidence motions for summary judgment. I was very busy at the time and was trying to get ready to take my family on a vacation. I retained attorney Joe M. Williams to draft the response to the motions for summary judgment.

6.     I specifically remember a telephone conversation with Joe Williams on August 1, 2016. I remember that conversation in fairly good detail because of where I was during the call. The conversation occurred when I was with my wife and our 4 kids on a family vacation. The conversation between Mr. Williams and I occurred around the noon hour as my family and I were going through security at the Port of New Orleans. I was worried about the due date for the response to the motions for summary judgment and was not sure if we had to file the response during the week that I was gone or right when I returned or later. At that time, on August 1, 2016, Mr. Williams informed me that the due date for the response was in late August. He gave me a specific date in late August, but I do not remember the specific date that he said at that time, as I was about to board a cruise ship with my family. I can, however, recall specifically asking him how he knew the due date and Mr. Williams informed me that he looked online and saw the date. I was generally aware or was under the impression that in federal court[2] cases there is a system called PACER or ECF and that certain events appear on the calendar. After I returned from vacation I was working diligently on the deadlines that I believed had arisen during my absence.

7.     On August 12, 2016, the Court entered the order granting Defendant's motion for summary judgment. I received an email from the Court stating that fact. I then forwarded that email to Joe Williams and asked him about it, as I believed that Plaintiff's response was not due yet. Joe Williams wrote me back and said that PACER said the deadline was not for two weeks. A true and correct copy of that email chain is attached hereto as Exhibit "A."

8.     On that same day, August 12, 2016, Joe Williams assisted me in logging onto PACER, and I was able to print out what appeared to be a calendar with a "Due/Set" date of August 24, 2016 for Plaintiff to respond to Defendant's motions for summary judgment. A true and correct copy of my print-out from the PACER system, which I accessed on (and is dated) August 12, 2016, is attached hereto as Exhibit "B." Mr. Williams and I discussed the "Due/Set" date, and he informed me that he saw on PACER during our conversation on August 1, 2016 that the deadline to file the response was August 24, 2016 and that is the date that he relied on.

---

[2] It is my understanding that Mr. Williams regularly practices in federal court and has more experience in federal court than I do.

9.      I have never intended to misrepresent any fact to the Court and do not believe that I have made any misrepresentations to the Court.  Between the filings of the First and Second Motions for Reconsideration, the Court entered an order requiring me to identify the attorney retained to prepare Plaintiff's response to Defendant's motions for summary judgment.  I complied with that order and provided the Court with Joe Williams's name and contact information.  Because that information had been requested by the Court and, thus, appeared to be relevant to the Court, when I filed Plaintiff's Second Motion for Reconsideration, I included more information concerning Mr. Williams and my reliance on his statements regarding the due date for the response to the motions for summary judgment.

10.     To the extent that the Court still believes that I made a misstatement to it, I submit that any such misstatement was purely inadvertent and not in bad faith.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of September 2016.

Signature:  _____
            Jeremy W. McKey

# Re: Fw: Activity in Case 4:15-cv-00809-A Cobb v. Kroger Texas, L.P. Memorandum Opinion and Order

> EXHIBIT
> **A**
> tabbies

Joe Williams <jwilliams10050@gmail.com>

Fri 8/12/2016 10:51 AM

To:Jeremy McKey <jeremy@mckeylawfirm.com>;

Pacer said the response wasn't due for two weeks.

On Fri, Aug 12, 2016 at 10:37 AM, Jeremy McKey <jeremy@mckeylawfirm.com> wrote:

> They granted the msj without our response?
>
>
> **Jeremy McKey**
>
> *Personal Injury Board Certified Trial Attorney*
>
> **Law Office of Jeremy W. McKey**
> 2695 Villa Creek Dr., Ste#278
> Dallas, Texas 75234
> Telephone: 214-855-8788
> Fax: 888-638-1552
> www.mckeylawfirm.com
>
> _____
>
> **From:** ecf_txnd@txnd.uscourts.gov <ecf_txnd@txnd.uscourts.gov>
> **Sent:** Friday, August 12, 2016 10:19 AM
> **To:** Courtmail@txnd.uscourts.gov
> **Subject:** Activity in Case 4:15-cv-00809-A Cobb v. Kroger Texas, L.P. Memorandum Opinion and Order
>
>
> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> **\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**
>
> If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are

Page 4

not satisfied within 21 days, the clerk will notify the presiding judge.

## U.S. District Court

## Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 8/12/2016 at 10:19 AM CDT and filed on 8/12/2016
**Case Name:**        Cobb v. Kroger Texas, L.P.
**Case Number:**     4:15-cv-00809-A
**Filer:**
**Document Number:** 18

**Docket Text:**
**MEMORANDUM OPINION AND ORDER granting [15] Motion for Summary Judgment filed by Kroger Texas LP. (Ordered by Judge John McBryde on 8/12/2016) (tln)**

**4:15-cv-00809-A Notice has been electronically mailed to:**

Julia Lemond Sinor     jsinor@peavlergroup.com, ejasso@peavlergroup.com, kkoletar@peavlergroup.com, mforester@peavlergroup.com

James Duane Trujillo    james@972lawfirm.com

B Kyle Briscoe    kbriscoe@peavlergroup.com, ejasso@peavlergroup.com, kkoletar@peavlergroup.com

Jeremy Wayne McKey    jeremy@mckeylawfirm.com

Craig Weldon Thomas    craig@972lawfirm.com

**4:15-cv-00809-A The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=8/12/2016] [FileNumber=9424067-0
] [0c5234ddcd6692e32c6b0544299aa016faafc894d3bc179f973a73e1938024b0cdc

| 73bfb03701e48aa7748486acbdd253825f6ec372729a9f1f5bd8d307c876f]]

--
Joe Williams
The Law Offices of Joe M. Williams & Associates, P.L.L.C.
A Professional Limited Liability Company
Attorneys and Counselors at Law
810 Highway 6 South, Suite 111
Houston, Texas 77079
Phone (832) 230-4125
Fax: (832) 230-5310

Insurance Claims, Personal Injury and Overtime Lawyer in Houston, Texas | Joe M. Williams & Associates

PRIVILEGED COMMUNICATION: This communication, including any and all responses, attachments and/or addenda, is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. This communication is not intended for public dissemination or use. If you are an unintended recipient of this communication then you are asked to please destroy this communication and then immediately report your unintended receipt to the sender at the address or phone number captioned above. Thank you.

**4:15-cv-00809-A** Cobb v. Kroger Texas, L.P.
John McBryde, presiding
Date filed: 10/27/2015
Date terminated: 08/12/2016
Date of last filing: 08/12/2016

# Deadlines/Hearings

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 5 | Status Report Deadline | 10/29/2015 | 11/30/2015 | | 11/23/2015 |
| 11 | Joinder of Parties Deadline | 11/24/2015 | 03/15/2016 | | 08/12/2016 |
| 11 | Amended Pleadings Deadline | 11/24/2015 | 07/12/2016 | | 08/12/2016 |
| 15 | Motion Ripe Deadline | 07/20/2016 | 08/24/2016 | | 08/12/2016 |
| 11 | Discovery Deadline | 11/24/2015 | 09/12/2016 | | 08/12/2016 |
| 11 | Pretrial Conference | 11/24/2015 | 10/03/2016 at 10:00 AM | | 08/12/2016 |
| 11 | Jury Trial | 11/24/2015 | 11/14/2016 at 09:00 AM | | 08/12/2016 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/12/2016 11:44:52 | | |
| **PACER Login:** | mckey7047:4537137:0 | **Client Code:** | |
| **Description:** | Deadline/Hearings | **Search Criteria:** | 4:15-cv-00809-A |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |


EXHIBIT B

Page 7

## DECLARATION OF ATTORNEY JOE M. WILLIAMS
## PURSUANT TO 28 USC § 1746

My name is Joe Micah Williams. I am over the age of eighteen, of sound mind and otherwise competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct. If called to testify as a witness, I am competent to testify as to these facts.

I am an attorney. I am licensed to practice in Texas and am admitted in the Southern, Eastern, and Northern Districts of Texas, the Western District of Oklahoma, the Southern District of Illinois, and the Fifth Circuit Court of Appeals. My office address is 810 Highway 6 South, Suite 111, Houston, Texas 77079, telephone 832-230-4125, facsimile 832-230-5310, email jwilliams10050@gmail.com.

On or about July 20 2016, I was contacted by attorney Jeremy McKey ("Jeremy" or "Jeremy McKey"), and I was asked to draft a response to motions for summary judgment that had been filed in a federal case in the Northern District of Texas and styled *Florasteen Cobb v. Kroger Texas, L.P.*, Cause No. 4:15-cv-809-A. I have known Jeremy McKey for fourteen years and I agreed to help him and his law firm with a response to the motions for summary judgment. I was helping a personal friend and a professional colleague with drafting the response to the motions for summary judgment. Drafting summary judgment responses is something I have done in the past.

On August 1, 2016, Jeremy called me to discuss the response and the due date. I accessed the Federal PACER system from my office on my office desktop computer. Attached hereto as Exhibit "A" is a true and correct printout of my billing history from the PACER system, which I printed today, as evidenced by the date shown on the printout of "Thu Sep 08 10:09:56 CDT 2016." I regularly and routinely use my office desktop computer for all of my legal work unless I am out of town. I recall the August 1, 2016 telephone call with Jeremy about the due date for the response to the motions for summary judgment because during the call, Jeremy was about to board a cruise ship with his family for a vacation.

As shown on Exhibit "A," I accessed the "Deadline/Hearing" tab in PACER for the *Cobb* case on August 1, 2016 at "12:22:33" CDT and then again at "12:23:18" CDT to view the due date for the response for the motions for summary judgment. Exhibit "A" shows that each of those transactions were for the *Cobb* case because cause number for *Cobb* is set forth in the Search column of the printout. As is customary for PACER, based on my prior use of that system, PACER charged me .10 cents per each access, as set forth on Exhibit "A."

Based on my review of the PACER system, I advised Jeremy McKey that the deadline to file the response to Defendant's motions for summary judgment was August 24, 2016.

Many of the cases that I handle are in federal court. In some federal courts, when I draft responses to motions, the Court will enter a deadline date for a response, although not always. For example, attached as Exhibit "B" to this Declaration is an email dated April 3, 2014 which is a "Notice of Electronic Filing" in Case Number 2:13-cv-05596-LMA-JCW, styled *Verret v. State Farm Fire and Casualty Company*." The document that was filed was Defendant's Motion for Partial Summary Judgment, and such document was filed on April 2, 2014. The "docket text" section reads,

> ORDERED that the [35] motion for partial summary judgment by defendant will be taken under advisement without oral argument on 4/25/2014, at 5:00 p.m. Signed by Judge Lance M Africk on 4/2/2014.(blg)

In the *Cobb* case, I accessed PACER and went to the Due/Set calendar for the case to see if the Court had entered a deadline to respond to the motions for summary judgment that was different than the local rules. When I accessed the PACER calendar for the *Cobb* case on August 1, 2016, I saw the calendar in PACER indicated that the response date was August 24, 2016. I, therefore, assumed the Court had allowed the Plaintiff extra time to file a response. I did not think this was unusual as the deposition of a witness had only recently occurred and Jeremy McKey told me that he was waiting on the deposition transcript which would be coming in the next couple of weeks. I made a note to myself to follow-up with Jeremy McKey on August 17, 2016 regarding the transcript.

I have been a licensed attorney for eight years. I have never been held in contempt by any court nor had a disciplinary action entered against me by any state or federal court. I have never been disciplined by the State Bar of Texas.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of September 2016.

Signature: _____
Joe M. Williams

 

## BILLING HISTORY

Close

**Detailed Transaction Report by Date**
**All**
**from 07/31/2016 to 08/02/2016**

Thu Sep 08 10:09:56 CDT 2016
mp4378

Back          New Search

Billing Transactions

| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
|------|------|-------|-------|-------------|-------------|--------|------|
| 08/01/2016 | | | | | | | |
| 08/01/2016 | 12:03:37 | 1 | TXNDC | | HISTORY/DOCUME | 4:15-CV-00809-A | $0.10 |
| 08/01/2016 | 12:03:44 | 5 | TXNDC | | IMAGE6-0 | 4:15-CV-00809-A DOCUMENT 6-0 | $0.50 |
| 08/01/2016 | 12:05:23 | 1 | TXNDC | | ATTORNEY LIST | 4:15-CV-00809-A | $0.10 |
| 08/01/2016 | 12:22:33 | 1 | TXNDC | | DEADLINE/HEARIN | 4:15-CV-00809-A | $0.10 |
| 08/01/2016 | 12:22:45 | 3 | TXNDC | | IMAGE15-0 | 4:15-CV-00809-A DOCUMENT 16-0 | $0.30 |
| 08/01/2016 | 12:23:05 | 1 | TXNDC | | HISTORY/DOCUME | 4:15-CV-00809-A | $0.10 |
| 08/01/2016 | 12:23:18 | 1 | TXNDC | | DEADLINE/HEARIN | 4:15-CV-00809-A | $0.10 |
| 08/01/2016 | 12:29:27 | 1 | TXNDC | | ATTORNEY LIST | 4:15-CV-00809-A | $0.10 |
| 08/01/2016 | 12:45:28 | 1 | TXSDC | | HISTORY/DOCUME | 4:16-CV-01517 | $0.10 |
| 08/01/2016 | 12:45:34 | 2 | TXSDC | | IMAGE6-0 | 4:16-CV-01517 DOCUMENT 6-0 | $0.20 |
| 08/01/2016 | 12:46:03 | 1 | TXSDC | | DEADLINE/HEARIN | 4:16-CV-01517 | $0.10 |
| **Subtotal:** | | **18** | pages | | **$1.80** | | |
| | | **0** | audio files ($2.40 ea) | | **$0.00** | | |
| | | | | | **$1.80** | | |
| **Grand Total:** | | **18** | pages | | **$1.80** | | |
| | | **0** | audio files ($2.40 ea) | | **$0.00** | | |
| | | | | | **$1.80** | | |

Back          New Search



EXHIBIT
A

Page 10

 Gmail

Joe Williams <jwilliams10050@gmail.com>

## Activity in Case 2:13-cv-05596-LMA-JCW Verret v. State Farm Fire and Casualty Company Order Setting/Resetting Hearing on Motion

1 message

Efile_Notice@laed.uscourts.gov <Efile_Notice@laed.uscourts.gov>
To: Efile_Information@laed.uscourts.gov

Thu, Apr 3, 2014 at 4:45 PM

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U. S. District Court

### Eastern District of Louisiana

### Notice of Electronic Filing

The following transaction was entered on 4/3/2014 at 4:45 PM CDT and filed on 4/2/2014
Case Name:       Verret v. State Farm Fire and Casualty Company
Case Number:     2:13-cv-05596-LMA-JCW
Filer:
Document Number: 39

Docket Text:
ORDERED that the [35] motion for partial summary judgment by defendant will be taken under advisement without oral argument on 4/25/2014, at 5:00 p.m. Signed by Judge Lance M Africk on 4/2/2014.(blg)

**2:13-cv-05596-LMA-JCW Notice has been electronically mailed to:**

Lindsay A. Larson, III    llarson@kingkrebs.com, gchristian@kingkrebs.com

David A. Strauss    dstrauss@kingkrebs.com, mzabalaoui@kingkrebs.com

Kelley Strain Mackenroth    Kelley.Mackenroth@gmail.com

Brent M. Burns    bburns@kingkrebs.com, jroberts@kingkrebs.com

Richard D. Serio, Jr    dserio@kingkrebs.com, jroberts@kingkrebs.com

Joe Micah Williams    jwilliams10050@gmail.com, joe@joewilliamslaw.com

**2:13-cv-05596-LMA-JCW Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1091133085 [Date=4/3/2014] [FileNumber=6856833-0]
[4366b0a08ca38671685b0184b4b893cc12f4f0eef1d985aeb90f834827e1a2303b4a
5d7bf039780aad45fce1e112d70204b525b0d27b5d805296eaf3959892ea]]



EXHIBIT
B

Page 11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLORASTEEN COBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-809-A |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

---

## DECLARATION OF TRAVIS ALLAN DIRR PURSUANT TO 28 USC §1746

---

My name is Travis Allan Dirr. I am over the age of twenty-one (21) years and am fully competent to make this declaration. The statements in this declaration are within my personal knowledge and are true and correct. If called to testify as a witness, I am competent to testify to these facts:

1) I am employed by Protegga LLC as a Computer Forensic Expert. Protegga is a Private Investigation firm licensed by the Texas Commission on Private Security, license #A13971 and located at 730 East Park Boulevard, Suite #210, in Plano, Texas, 75074.

2) I have over nine years of experience in computing systems, networks, Internet technology, development, security, and computer forensics. I have testified as an expert witness in cases involving electronic data. I have assisted with investigations brought by the Department of Justice and the Securities Exchange Commission through several receiverships. My opinions set out below were derived based upon my knowledge, skill, experience, training, or education.

---

**DECLARATION OF TRAVIS ALLAN DIRR PURSUANT TO 28 USC §1746**

3) I hold a license as a Certified Computer Examiner (CCE), License No. 1618, granted by The International Society of Forensic Computer Examiners.

4) A true and correct copy of my curriculum vitae is attached hereto as Exhibit "1". To my knowledge, I have never been disqualified by any court from testifying as a computer forensic expert.

5) At the behest of Bruce Campbell, Protegga forensically preserved and examined a desktop computer used by Joe Williams. Mr. Campbell asked Protegga to review the subject computer to determine if it had been used to access the PACER system concerning cause number 4:15-CV-00809-A *(Cobb v. Kroger Texas LP)* ("Cobb") on August 1, 2016.

6) On September 2, 2016, Jeremy McKey relinquished custody of HP Pavilion desktop, model number 500-017c with serial number MXU3210C0N, to Protegga. Attached hereto as Exhibit "2" is a copy of a Protegga chain of custody. Exhibit "2" is a record of the act of Protegga receiving possession of the subject computer. Exhibit "2" was made at or near the time by or from information transmitted by – someone with knowledge. Exhibit "2" was kept in the course of the regularly conducted activity of Protegga. The making of Exhibit "2" was a regular practice of Protegga. I am the custodian of Exhibit "2" for Protegga. Exhibit "2" reflects the delivery of the subject computer by Mr. Jeremy McKey to Protegga.

7) In accordance with its standard practices, Protegga made a bit for bit forensic image of the computer's hard drive. Protegga then processed the forensic image utilizing two industry accepted forensic tools- X-Ways Forensics and Magnet Forensics' Internet Evidence Finder. Protegga then executed keyword searches for the cause number and other terms often found within the PACER system.

8) Protegga found that the subject computer had been used on multiple dates, including August 1, 2016, to access the Cobb matter within the PACER system. Protegga located two partial cached pages from Temporary Internet Files depicting transaction receipts from the PACER system for the Cobb matter on August 1, 2016. The aforementioned cache pages are attached hereto as Exhibits "3" and "4".

9) Temporary Internet Files, commonly referred to as browser cache, contain recently accessed data a web browser stores on a user's computer to operate more efficiently. The acquisition and retention of cached data can be sporadic and unpredictable based on countless variables including but not limited to, operating system, browser, browser version, website architecture, browser settings, etc.

10) Protegga's investigation found several Internet artifacts showing that web pages belonging to the Northern District of Texas for the Cobb matter were accessed on August 1, 2016, using the subject computer. Protegga performed a diligent search of the computer to determine if any cached webpages for the Cobb "Deadlines/Hearings" page within PACER existed on the computer. As of the writing of this Declaration, Protegga has been unable to locate a cached version of the aforementioned webpage. Based on the limitations of the temporary Internet files and the computer's cache, it is likely that any evidence of these files existing could have been overwritten through normal computer use.

11) Protegga found no indication that the computer's operator altered, manipulated, and/or deleted information on the subject computer.


I declare under penalty of perjury according to the laws of the United States of America, that the foregoing is all true and correct.


<u>**DECLARATION OF TRAVIS ALLAN DIRR PURSUANT TO 28 USC §1746**</u>                    Page 14

Executed on this ___8th___ day of September, 2016.

Signature _____

Travis Dirr

**ℙROTEGGA**   Computer Forensics • eDiscovery

730 E. Park Blvd, Suite 210 Plano, Texas 75074
office: 214.988.9240   toll: 1.888.988.9240

# Travis Dirr, CCE

## Summary

With over seven years of experience in operating systems and application support, networking and hardware support, and systems programming, Travis has worked in the computer forensics field since August of 2007. Travis' diverse background includes: extensive knowledge of computer systems, networking, the internet, computer forensics, litigation support, information security, electrical and mechanical engineering, and more.

## Areas of Strength

- Computer Forensics
- Operating Systems Support
- Information Security

- E-Discovery
- Application Support
- Continuous Quality Improvement

- Litigation Support
- Computer Programming
- Data Integrity

## Representative Case-Types

- Retrieving and analyzing computer evidence and providing litigation support and expert testimony in cases involving *Theft of Intellectual Property, Theft of Trade Secrets, Breach of Contract, Hidden Assets, Child Custody, Electronic Tracking, Securities and Exchange Commission Investigations, Department of Justice Antitrust Investigations, Investigations on behalf of Bankruptcy Trustees, Spoliation and Destruction of Evidence, and more.*
- Assisting on investigations with the Department of Justice (DOJ) and Securities & Exchange Commission (SEC) receiverships

## Technology Background

Travis joined Protegga LLC as a Computer Forensic Technician in August of 2007. His in-depth knowledge of computer systems, electronic data, and quality control systems has been an asset to the company. He has helped develop many of the procedures for electronic data collection including photo evidence and documentation. In addition to his role as a forensic technician, he is also the manager of the Information Technology and the Research and Development departments. His responsibilities include the management of a medium sized network of servers and workstations and creative work undertaken on a systematic basis to determine, define, and often reproduce known and unknown inconsistencies in modern digital forensics.

Upon arriving at The University of Texas at Dallas (UTD) in 2007, Travis began studying electrical engineering and learning about electronic circuits. In the fall of 2009, Travis and two fellow students submitted a project proposal for the annual University of Texas at Dallas Business Idea Competition in which the team designed a system that facilitates a more marketable, economically viable, and friendly online gaming tournament experience. Extensive research into internet infrastructure and statistical latency analysis helped this project succeed by claiming first and second place in the undergraduate division.

In May 2013, Travis earned his Bachelor of Science degree in Mechanical Engineering from the University of Texas at Dallas. His research focused around systems engineering, control systems, and thermal cooling systems. These ideas are the basis of and can be easily applied to many scientific procedures, which transcend throughout most known systems.

During Travis' career, he has utilized the technologies listed below, and more, to provide OS and application support, web development administration, system administration, and computer forensics.

## Technologies

### Forensics & Security:

AccessData Forensic Toolkit, AccessData Password Recovery Toolkit, AccessData Registry Viewer, Advanced Outlook Repair, CacheBack, Cellebrite, DCode Date, Digital Detective NetAnalysis, Elcomsoft iPhone Password Breaker, Elcomsoft Password Recovery Suite, E-Mail Detective, GetData Mount Image Pro, HFSExplorer for Windows, iXAM, MD5Hash, MFT Object ID Decoder, MFT Ripper PE, Nucleus Exchange & OST Recovery, Oxygen Forensic Suite, Paraben P2 Commander, Passware Password Recovery Kit, PinPoint MetaDiscover, PinPoint OneClick

Updated: April 20, 2015

**Disclaimer:** This document is subject to change without notice. Possession of this document does not constitute a contractual relationship between the possessor and Protegga. Unauthorized use is strictly prohibited. Contact Protegga to execute a service agreement in order to declare the aforementioned individual as an expert witness or retained expert.

EXHIBIT
1

Page 16

Collect, PinPoint SafeCopy, PList Editor for Windows, RAID Reconstructor, Registry Ripper, Simple Carver Suite, SnapView, Stellar Phoenix Macintosh, SysTools BKF Repair, USBDeview, X-Ways Forensics

**Operating and File Systems:**
Windows Server 2003, Server 2008, 8, 7, Vista, XP, 2000, ME, 98, 95, 3.1, DOS, UNIX/Linux Variants, Mac OSX, CIFS, EXT, EXT2, EXT3, EXT4, FAT12, FAT16, FAT32, exFAT (FAT64), HFS, HFS+, NTFS, ReiserFS, UFS, XFS

**Smart Phones:**
Apple iPhone, Research in Motion (RIM), Android Devices, Blackberry, Motorola, and others

**Applications:**
Microsoft Office Suite, Internet Explorer, Firefox, Chrome, Safari, Adobe Creative Suite, Adobe PDF Professional, Nuance PDF Converter Professional, CCleaner, Defraggler, LogMeIn, iTunes, Windows Media Applications, Mac Media Applications, Symantec Tools, Acronis Backup Software

**Network Software and Databases:**
Microsoft Exchange, Microsoft SharePoint, Microsoft SQL Server, Microsoft Access, MySQL, OpenSQL, LDAP, Microsoft Active Directory, DHCP, DNS

**Programming:**
C/C++, Java, HTML, Python, Batch Files

## Education

**University of Texas at Dallas**, Richardson, Texas
Bachelor of Science Degree in Mechanical Engineering
Minor in Innovation and Entrepreneurship
Graduated May 17, 2013

## Computer Forensics Certifications and Licenses

**Certified Computer Examiner (CCE)**, Certification #1618
The CCE certification is awarded by the *International Society of Forensic Computer Examiners*. The certification process includes minimum experience or training requirements, passing a written examination, and successfully performing actual forensic examinations on three test media.

**Private Investigator**, License Number A13971
Licensed by the *Texas Department of Public Safety*

## Training and Self-Study
- Rules of Evidence
- Computer Forensics
- Implementation of strict and methodical procedures to purge extraneous information and preserve essential evidence
- Implementing Imaging Guidelines, Policies, and Procedures

## Professional Affiliations
- International Society of Forensic Computer Examiners (**ISFCE**)
- American Society of Mechanical Engineers (ASME)

Updated: April 20, 2015

**Disclaimer:** This document is subject to change without notice. Possession of this document does not constitute a contractual relationship between the possessor and Protegga. Unauthorized use is strictly prohibited. Contact Protegga to execute a service agreement in order to declare the aforementioned individual as an expert witness or retained expert.

Page 17



**System for Accurate Forensic Evidence**

## Receive Report

| Receive ID | P-REC-0000000659 | Case Name | McKey-Sep2016 |
|---|---|---|---|
| Receive Date | 09/02/2016 | Receive By | Voith, Tiffany |
| Receive From | Jeremy McKey | | |
| Receive Location | Protegga 730 E. Park Blvd, Suite 210 Plano, TX 75074 | | |
| Signature | | | |



### Received Items

| Make | HP | Model | Pavillion 500 |
|---|---|---|---|
| Serial | MXU3210C0N | | |
| Description | Black PC desktop computer | | |


EXHIBIT
2



- <u>Query</u>
- <u>Reports</u>
- <u>Utilities</u>
- <u>Logout</u>

**4:15-cv-00809-A** Cobb v. Kroger Texas, L.P.
John McBryde, presiding
**Date filed:** 10/27/2015
**Date of last filing:** 07/20/2016

## History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:* 10/27/2015 | ⊠ Notice of Removal |
| 2 | *Filed & Entered:* 10/27/2015 | ⊠ Cert. Of Interested Persons/Disclosure Statement |
| 3 | *Filed & Entered:* 10/27/2015 | ⊠ Paper Case Designation Order |
| 4 | *Filed & Entered:* 10/27/2015 | ⊠ Judge McBryde |
| 5 | *Filed & Entered:* 10/29/2015 | ⊠ Status Report Order |
| 6 | *Filed & Entered:* 11/09/2015 *Terminated:* 11/10/2015 | ⊠ Amended Complaint |
| 7 | *Filed & Entered:* 11/10/2015 | ⊠ Order Unfiling Pleading |
| 8 | *Filed & Entered:* 11/12/2015 | ⊠ Amended Complaint |
| 9 | *Filed & Entered:* 11/23/2015 | ⊠ Status Report |
| 10 | *Filed & Entered:* 11/23/2015 | ⊠ Answer to Amended Complaint |
| 11 | *Filed & Entered:* 11/24/2015 | ⊠ Scheduling Order |
| 12 | *Filed & Entered:* 12/07/2015 | ⊠ Amended Complaint |
| 13 | *Filed & Entered:* 12/15/2015 | ⊠ Answer to Amended Complaint |
| 14 | *Filed & Entered:* 06/02/2016 | ⊠ Witness List |
| 15 | *Filed & Entered:* 07/20/2016 | ⊠ Motion for Summary Judgment |
| 16 | *Filed & Entered:* 07/20/2016 | ⊠ Brief/Memorandum in Support of Motion |
| 17 | *Filed & Entered:* 07/20/2016 | ⊠ Appendix in Support |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/01/2016 12:03:38 | | |
| **PACER Login:** | mp4378:3623526:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 4:15-cv-00809-A |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



EXHIBIT
3

Page 14


- Query
- Reports
- Utilities
- Logout

To accept charges shown below, click on the 'View Document' button, otherwise click the 'Back' button on your browser.

| Pacer Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| Mon Aug 1 12:23:21 2016 | | | |
| Pacer Login: | mp4378:3623526:0 | Client Code: | |
| Description: | Image15-0 | Case Number: | 4:15-cv-00809-A |
| Billable Pages: | 3 | Cost: | 0.30 |



EXHIBIT

4

Page 20

4:16-cv-00212-A Garner et al v. Life Partners, Inc.
John McBryde, presiding
**Date filed: 03/21/2016**
**Date of last filing: 09/07/2016**

# Deadlines/Hearings

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 5 | Status Conference | 04/19/2016 | 04/20/2016 at 11:00 AM | | |
| 23 | Response Deadline | 05/27/2016 | 05/31/2016 | | |
| 93 | Response Deadline | 07/15/2016 | 08/05/2016 | | |
| 93 | Motion Hearing | 07/15/2016 | 08/25/2016 at 01:30 PM | | |
| | Response Deadline | 09/02/2016 | 09/07/2016 | | |
| | Response Deadline | 09/02/2016 | 09/07/2016 | | |
| 131 | Response Deadline | 09/02/2016 | 09/07/2016 | | |
| 134 | Response Deadline | 09/06/2016 | 09/12/2016 | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/07/2016 19:39:17 | | |
| **PACER Login:** | bc1470:2791739:0 | **Client Code:** | |
| **Description:** | Deadline/Hearings | **Search Criteria:** | 4:16-cv-00212-A |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Page 21